## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

| | |
|---|---|
| CHRIS HARRISON, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OSAWATOMIE STATE HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff Chris Harrison, and in support of his Complaint, states, alleges, and avers as follows:

### PARTIES

1. Plaintiff Chris Harrison is a Kansas resident.

2. Defendant Osawatomie State Hospital, (hereinafter, "OSH") is a Kansas state hospital.

3. Plaintiff is an employee of Defendant.

4. Plaintiff works for Defendant at 500 State Hospital Drive, in Osawatomie, and may be served at 503 S. Kansas Ave., in Topeka.

### SUBJECT MATTER JURISDICTION

5. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

6. Pursuant to 28 U.S.C. § 1367, the Court has subject matter jurisdiction over all other claims asserted herein (supplemental jurisdiction).

### PERSONAL JURISDICTION

7. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

1

8. Because Defendant does business in Kansas and because the acts giving rise to the causes of action asserted herein occurred in Kansas, the Court has personal jurisdiction over them.

## FACTS COMMON TO ALL COUNTS

9. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

10. Plaintiff is disabled. He suffers from juvenile myoclonic epilepsy ("JME").

11. Plaintiff's disability causes him to have seizures.

12. As a result of Plaintiff's disability, certain life activities are impaired, and/or substantially limited. This includes, inter alia, Plaintiff's ability to sleep, sit, stand, walk, communicate, travel, socialize, and work– each of which is inhibited in some meaningful respect.

13. On or about January 1, 2019, Plaintiff began working for Defendant as a safety and security officer.

14. Plaintiff notified OSH of his disability, and requested the reasonable accommodation of, among other things, being able to go home and take his medicine when working a double shift. To date, Defendant has failed to accommodate Plaintiff's request.

15. On or about November 15, 2019, Plaintiff filed two Charges of Discrimination: 563-2020-00442 and 563-2020-00445. The charges were filed with the EEOC, alleging discrimination on the basis of disability, along with retaliation, for engaging in protected activity with respect to disability discrimination.

16. The allegations set forth in the Charge of Discrimination are incorporated by reference as if more fully set forth herein.

17. On or about August 11, 2020, the EEOC issued Plaintiff a Right to Sue notice. His administrative remedies have, thus, been exhausted.

## COUNT I.    DISABILITY DISCRIMINATION

1. Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

2. Defendant was an employer for purposes of Title VII of the Civil Rights Act.

3. Plaintiff was an employee of the Defendant for purposes of the Title VII of the Civil Rights Act.

4. Plaintiff was perceived as disabled by Defendant, because of his need for multiple surgeries, which affected everyday life activities.

5. Plaintiff was subject to adverse action on the basis of his disability, including, but not limited to, the fact that Defendant failed to accommodate his request.

6. The adverse employment actions alleged above directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

7. The person or persons who failed to accommodate Plaintiff were agents of the Defendant who were acting in the course and scope of their agency with Defendant or who acted with express authority from Defendant.

8. Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for liquidated damages; for any other compensatory damages; for pre-judgment interest; for pain and suffering and emotional distress; for a finding that she has been

subjected to unlawful discrimination in violation of Title VII; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT II: DISABILITY RETALIATION

9. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

10. Plaintiff engaged in protected activity by, inter alia, requesting an accommodation for his disability.

11. Defendant retaliated against Plaintiff by subjecting him to adverse action including, but not limited to, harassment.

12. These materially adverse acts directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment and frustration.

13. Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of his Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for liquidated damages; for pre-judgment interest; for pain and suffering and emotional distress; for a finding that she has been subjected to unlawful discrimination in violation of Title VII; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all applicable issues, counts, and claims asserted in this Cause of Action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas, as the place of trial.

Respectfully Submitted,

THE LAW OFFICE OF PHILLIP M. MURPHY II

    /s/  Phillip M. Murphy II
PHILLIP M. MURPHY II            #23770
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
Phone: (913) 661-2900
Fax:    (913) 314-5841
E-mail: phillip@phillilpmurphylaw.com
**ATTORNEYS FOR PLAINTIFFS**