IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRIS HARRISON,**

    **Plaintiff,**

v.

**OSAWATOMIE STATE HOSPITAL, et al.,**

    **Defendants.**

Case No. 20-2565-DDC-GEB

## MEMORANDUM AND ORDER

Defendant Osawatomie State Hospital filed a Motion to Dismiss (Doc. 7). The motion and its accompanying memorandum ask the court to dismiss all claims in plaintiff Chris Harrison's Complaint (Doc. 1). *See* Doc. 7 at 1; Doc. 8. For reasons explained below, the court dismisses the motion without prejudice as moot. This Memorandum and Order first reviews the procedural background of this litigation—including plaintiff's attempt to amend his Complaint, and then considers whether that attempt defuses defendant's already pending Motion to Dismiss.

### I. Procedural Background

On November 9, 2020, plaintiff filed a Complaint against defendant. Doc. 1 at 1. Defendant responded on February 25, 2021 by filing a Motion to Dismiss (Doc. 7) asking the court to dismiss plaintiff's claims due to lack of subject matter jurisdiction. Plaintiff then filed an Amended Complaint (Doc. 12) on April 1, 2021. That same day, he filed a Response (Doc. 13) to the Motion to Dismiss. The Response asserts that the Amended Complaint renders defendant's motion moot. Doc. 13 at 1. Later, defendant filed an Answer (Doc. 16) to the Amended Complaint.

With this procedural background in mind, the court considers whether defendant's Motion to Dismiss is moot. But first, the court reviews the rules governing amending pleadings before trial.

## II. Legal Standard

Plaintiff asserts that he filed his Amended Complaint "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1)(B). *See* Doc. 12 at 2 n.1 (Am. Compl.). He reasons that Rule 15(a)(1)(B) permits him to file an Amended Complaint as of right because "no responsive pleading has been filed by Defendant." *Id.* This reasoning reveals an incomplete reading of the rule.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleadings in one of two ways: (A) *first*, once as a matter of course within 21 days after serving the pleading to be amended, or (B) *second*, once as a matter of course within 21 days of service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)–(B). Outside those periods, amending the pleadings requires written consent of the opposing party or the court's leave—though courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). In contrast, a court should refuse to grant leave to amend on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation and internal quotation marks omitted).

Regardless whether a party amends by right, or with consent or leave, amending a pleading modifies the effect of the original filing. It is "well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO*

2

*Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (citation and internal quotation marks omitted).

The court now applies these rules to plaintiff's Amended Complaint.

### III.     Discussion

#### A. Whether Fed. R. Civ. P. 15(a)(1) Authorized Plaintiff to Amend His Complaint

Plaintiff asserts that Rule 15(a) permitted him to amend his pleading as a matter of course. Doc. 12 at 2 n.1 (Am. Compl.). The court is not so sure. Plaintiff filed his Amended Complaint on April 1, 2021—*months* after filing the original Complaint on November 9, 2020. So, Rule 15(a)(1)(A) does not authorize plaintiff to amend his Complaint. The court thus considers whether the rule's other path to amending a pleading before trial as a matter of course—Rule 15(a)(1)(B)—might provide the necessary authority.

Rule 15(a)(1)(B) applies to pleadings "to which a responsive pleading is required[.]" Fed. R. Civ. P. 15(a)(1)(B). Here, plaintiff's original pleading is a Complaint. *See* Doc. 1. And a complaint, of course, is a pleading to which a responsive pleading is required. *See* Fed. R. Civ. P. 12(a)(1)(A). So, Rule 15(a)(1)(B) applies.

The court next considers whether plaintiff's attempt to amend that pleading complied with the time limits that Rule 15(a)(1)(B) imposes. The rule permits a party to amend its pleading once as a matter of course within 21 days of service of (1) a responsive pleading or (2) a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). As plaintiff correctly notes, defendant did not file a responsive pleading before plaintiff filed his Amended Complaint on April 1, 2021. But defendant filed something else—a motion under Rule 12(b). *See* Doc. 7 at 1 (moving the court under Fed. R. Civ. P. 12(b)(1) to dismiss all claims against defendant). So, Rule 15(a)(1)(B) afforded plaintiff 21 days after service of

defendant's Motion to Dismiss to amend his pleading once as a matter of course.  Defendant filed its Motion to Dismiss on February 25, 2021.  That filing set plaintiff's deadline to amend his Complaint as a matter of course under Rule 15(a)(1)(B) for 21 days later—March 18, 2021.  Yet he did not file his Amended Complaint until April 1, 2021.  *See* Doc. 12 (Am. Compl.).  By then, Rule 15(a)(1) no longer provided plaintiff with a right to amend his pleading as a matter of course.

The court thus turns to the other path to amend a pleading before trial:  Rule 15(a)(2).

### B. Whether Fed. R. Civ. P. 15(a)(2) Authorized Plaintiff to Amend His Complaint

Since Rule 15(a)(1) provided plaintiff no authority to amend his pleading as a matter of course, he properly could amend his pleading only after securing either defendant's written consent or the court's leave.  *See* Fed. R. Civ. P. 15(a)(2).  Defendant provided no written consent.  It did file an Answer (Doc. 16) to the Amended Complaint.  And defendant's Answer (or any other filing) challenges neither the timeliness of plaintiff's amending nor the propriety of granting plaintiff leave to amend.  Still, the absence of written consent to amend means that plaintiff properly may amend his pleading under Rule 15(a)(2) only with the court's leave.  He had not secured or even explicitly requested leave when he filed his Amended Complaint.

But the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Given Rule 1's guidance and the permissiveness that Rule 15(a)(2) encourages, the court construes plaintiff's Amended Complaint as impliedly seeking leave to amend.  And concluding that justice favors doing so, the court grants plaintiff leave to amend his Complaint.  The Amended Complaint (Doc. 12) thus

supersedes the original Complaint (Doc. 1).  This renders moot defendant's Motion to Dismiss (Doc. 7).[1]  The court dismisses the Motion to Dismiss accordingly.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 7) is dismissed without prejudice as moot.

**IT IS SO ORDERED.**

**Dated this 19th day of May, 2021, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**

---

[1] *See Camick v. Holladay*, No. 17-1110-EFM-GEB, 2018 WL 1523099, at *4 (D. Kan. Mar. 28, 2018) *aff'd*, 758 F. App'x 640 (10th Cir. 2018) (denying as moot motions directed at original complaint because plaintiff's amended complaint rendered original complaint "a moot and inoperative pleading"); *Cap. Sols., LLC v. Konica Minolta Bus. Sols. USA, Inc.*, No. 08-2027-JWL, 2008 WL 1901396, at *1 (D. Kan. Apr. 25, 2008) (holding that motion to dismiss directed at original complaint "was rendered moot when [plaintiff] filed its amended complaint").