IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHRIS HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 20-cv-2565-DDC-GEB |
| OSAWATOMIE STATE HOSPITAL | ) | |
| and KANSAS DEPARTMENT OF | ) | |
| AGING AND DISABILITY SERVICES, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion to Amend Pretrial Order **(ECF No. 98)**. Plaintiff asks the Court to amend, for the second time, the Pretrial Order to add additional facts to his contentions. The Court held a hearing on this motion on November 29, 2022. After careful review of Plaintiff's motion and hearing the oral arguments of Plaintiff and Defendant's counsel, the Court **GRANTS** Plaintiff's Motion to Amend Pretrial Order **(ECF No. 98)**.

## I.     Procedural Background

Plaintiff has been represented by more than one attorney in this matter. His most recent counsel, Jonathon D. Nicol, entered his appearance on August 12, 2022. Although the case had been underway for some time, Mr. Nicol represented Plaintiff when his deposition was taken, when the Fed. R. Civ. P. 30(b)(6) depositions of Defendants Osawatomie State Hospital and the Kansas Department for Aging and Disability Services

were taken, through mediation and the close of discovery, and in the preparation of the parties' proposed Pretrial Order. The Court held an initial Pretrial Conference on September 26, 2022 and set a deadline of October 10, 2022 for counsel to submit a revised, proposed Pretrial Order addressing the issues discussed during the conference.[1] The first Pretrial Order was entered on October 18, 2022.[2]

On October 31, 2022, while still represented by Mr. Nicol, Plaintiff filed a Motion to Amend Pretrial Order to add five paragraphs of additional facts to paragraph 3(a) of the Pretrial Order  - Plaintiff's Factual Contentions.[3] After corresponding with counsel, there being no objection to Plaintiff's motion, the Court granted the motion as unopposed and entered an amended Pretrial Order on November 8, 2022.[4]

Shortly thereafter, Mr. Nicol filed a Motion to Withdraw as Counsel[5] but filed a Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment[6] and the current motion, Plaintiff's second Motion to Amend Pretrial Order, before Judge Crabtree entered an Order[7] allowing Mr. Nicol to withdraw as counsel on November 23, 2022. The undersigned's chambers again reached out to the parties and counsel to determine if there was any objection to this second motion. Defendants advised they did

---

[1] ECF No. 81.
[2] ECF No. 85.
[3] ECF No. 87.
[4] ECF No. 91.
[5] ECF No. 92.
[6] ECF No. 93.
[7] ECF No. 100.

object to Plaintiff's second motion and the motion was set for hearing on November 29, 2022.

## II.    Discussion

In Plaintiff's second Motion to Amend Pretrial Order, similar to the first, he sought to add seven paragraphs of additional facts to paragraph 3(a) of the Pretrial Order - Plaintiff's Factual Contentions. Defendants oppose alleging the amendment is unnecessary, could have been included in an earlier Pretrial Order, and Defendants will be prejudiced by the addition of facts after they filed their motion for summary judgment.

### A.    Factors for Determining Whether a Pretrial Order May be Amended

"The purpose of the pretrial order is to 'insure the economical and efficient trial of every case on its merits without chance or surprise.'"[8] Fed. R. Civ. P. 16 (e) permits a pretrial order to be modified after the final pretrial conference only to prevent manifest injustice. Plaintiff, as the party seeking the amendment, has the burden to prove manifest injustice.[9] Court's in the Tenth Circuit look at the following factors to determine whether a pretrial order may be amended: (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.[10]

---

[8] *Davey v. Lockheed Martin Corp*., 301 F.3d 1204, 1208 (10th Cir. 2002) (citing *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir.1987)).
[9] *Davey,* 301 F.3d at 1208.
[10] *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

### 1.      Prejudice or Surprise to the Opposing Party

The Court has reviewed the seven paragraphs of additional factual contentions, Plaintiff seeks to add to the Pretrial Order. All of the additional facts are supported by text messages, Plaintiff's personnel file or other documentary evidence produced during discovery. Although Defendants claim prejudice, they should not come as a surprise to Defendants. Where Defendants will have a reply in support of their summary judgment motion to rebut any facts added to the Pretrial Order should Plaintiff choose to use them in response, Defendants admitted any prejudice could be managed.

Plaintiff having knowledge of facts he wishes to add to the amended pretrial order would typically weigh against amendment. His knowledge of the facts but failure to timely raise them in the initial order "cuts deeply against his claim of manifest injustice."[11] But with the unique circumstances in this case, the Court finds this factor is at least neutral, neither weighing in favor of or against amendment. Plaintiff has had three attorneys in this case. His last attorney, Jonathon Nicol, entered his appearance just one month before the proposed Pretrial Order was due. In that time, counsel not only had to get up to speed on the case but also had to finalize written discovery responses, propound additional written discovery, prepare Plaintiff for and defend his deposition, take the 30(b)(6) depositions of Defendants, and prepare for and attend mediation. The Court will not hold any failure to get all supporting facts in the initial Pretrial Order against Plaintiff.

---

[11] *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993).

4

### 2.        Ability to Cure Prejudice

The ability to cure is closely related to the surprise or prejudice factor.[12] The inability to cure any prejudice or surprise typically weighs in favor of amendment.[13] Where the Court has found there is no surprise and Defendants have admitted their ability to rebut the use of any facts added to the Pretrial Order in their reply in support of the motion for summary judgment mitigates any prejudice, any prejudice can be cured. However, for the same reasons set out above, due to the unique circumstances in this case the Court finds this factor is neutral on amendment.

### 3.        Disruption to the Orderly and Efficient Trial of the Case

The Court finds with at least 8 months after the entry of an amended pretrial order before trial, the addition of known facts to the Pretrial Order which do not raise an additional claim will not disrupt the orderly and efficient trial of the case.[14] This factor weighs in favor of amendment.

### 4.        Bad Faith of the Party Seeking to Modify the Order

The Court finds no evidence of Plaintiff acting in bad faith. This factor weighs in favor of amendment. Where two factors are neutral and two weigh in favor of amendment,

---

[12] *Davey,* 301 F.3d at 1211.

[13] *Id.* (citing Smith v. Ford Motor Co., 626 F.2d 784, 798-99 (10th Cir.1980) (court found ability to cure factor weighed in favor of amendment where a fact witness gave "surprise" expert testimony and opposing counsel was only given ten minutes to review an empirical study not disclosed during discovery and prepare for cross-examination).

[14] *Davey,* 301 F.3d at 1210-11.

the Court finds Plaintiff has met his burden to show manifest injustice and amendment should be allowed.

> **B.     No Further Amendment of Plaintiff's Factual Contentions to be Permitted**

The Court warns Plaintiff its analysis of the above factors would be different going forward. Plaintiff has now had the opportunity to amend the Pretrial Order twice to add additional facts in support of his claim. Should Plaintiff file a third motion, the risk the Court would find the surprise or prejudice and ability to cure prejudice factors weigh against amendment is great, as would the Court's inclination to find further amendment of the Pretrial Order to add additional facts to Plaintiff's Factual Contentions should not be permitted.

## III.     Conclusion

Based on the foregoing, the Court finds Plaintiff has met his burden to show manifest injustice and amendment should be allowed. The parties' Third Amended Pretrial Order will be filed separately.

**THEREFORE**, the Court **GRANTS** Plaintiff's Motion to Amend Pretrial Order (**ECF No. 98**) for the reasons set forth above.

**IT IS SO ORDERED**.

Dated November 29, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
